Eastern District of Kentucky
FILED

FEB 1 6 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-289-JMH

LARRY ADKINS, PETITIONER

V. **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

JOHN MOTLEY, Warden, RESPONDENT

\* \* \* \* \*

## I. INTRODUCTION

On July 11, 2005, petitioner Larry Adkins, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Jessamine Circuit Court on or about January 30, 1995. On August 26, 2005, the Respondent filed his answer to the petition and moved to dismiss, or alternatively, for summary judgment[1] [DE #6]. On September 4, 2005, petitioner filed a reply to Respondent's motion to dismiss or for summary judgment; thus, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

---

[1] Along with his motion to dismiss or for summary judgment, the Respondent also filed his Rule 5 attachments, a 225-page Appendix (hereafter "A") consisting of (1) portions of the trial record, including the indictment and final judgment, (2) direct appeal briefs and the decision of the Kentucky Supreme Court on direct appeal, (3) petitioner's RCr 11.42 motion filed in the trial court, the trial court's ruling thereon, appellate briefs filed in the Kentucky Court of Appeals concerning Petitioner's RCr 11.42 motion and decision of the Kentucky Court of Appeals' decision in respect to petitioner's RCr 11.42 motion; and (4) trial court proceedings subsequent to remand by the Kentucky Supreme Court concerning petitioner's RCr 11.42 motion, (5) appellate briefs and the decision by the Kentucky Court of Appeals on petitioner's second appeal of the denial of his RCr 11.42 motion, and (6) an Order from the Kentucky Supreme Court denying petitioner's motion for discretionary review of the denial of his RCr 11.42 motion.

## II. DISCUSSION

### A. Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

### B. Prerequisites for federal habeas corpus review

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time Petitioner filed this action, he was an inmate at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

### C. Factual and Procedural History

On August 19, 1994, petitioner was indicted by a grand jury of the Jessamine Circuit Court and was charged with two counts of Sodomy First Degree by engaging in deviate sexual intercourse with C.A., a child under 12 years of age, and with 206 counts of Sexual Abuse, First Degree by subjecting C.A., a child under 12 years of age, to sexual contact during the period of time between July 18, 1992, and February 9, 1993. See A 1-4 (Indictment No. 95-CR-00082). Petitioner pled not guilty to these charges, went to trial on these charges, and was convicted of two (2) counts of

Sodomy First Degree and of twenty (20) counts of Sexual Abuse, First Degree.[2] On March 3, 1995, sentenced petitioner, consistent with the jury's recommendation, imposing concurrent sentences of life imprisonment on each of the sodomy charges and consecutive five-year sentences on each of the twenty (20) sexual abuse charges, for a total sentence of life imprisonment plus 100 years. (A 5-7).

Petitioner appealed his conviction to the Kentucky Supreme Court. In an unpublished decision rendered on January 18, 1996, the Kentucky Supreme Court affirmed petitioner's conviction but remanded the case for resentencing for entry of a judgment which clearly states that petitioner's 100-year sentence on the Sexual Abuse convictions is to be served concurrently with petitioner's two life sentences imposed on each of the Sodomy First Degree convictions. See Larry D. Adkins v. Commonwealth of Kentucky, 95-SC-238-MR, unpublished (A 24-26).

Thereafter, on September 21, 1998, petitioner moved the trial court, pursuant to RCr 11.42 to vacate, set aside or correct sentence. (A 28-55). In an Opinion and Order entered on October 29, 1998, the trial court denied petitioner's RCr 11.42 motion. (A 56-66).

Petitioner appealed the denial of his RCr 11.42 motion to the Kentucky Court of Appeals. In an unpublished opinion rendered on August 11, 2000, the Kentucky Court of Appeals affirmed the trial court's denial of petitioner's RCr 11.42 motion. See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 1998-CA-003019-MR (unpublished) (A 99-108). However, on February 21, 2002, the Kentucky Supreme Court granted petitioner's motion for discretionary review of the decision of the Kentucky Court of Appeals affirming the trial court's denial of petitioner's RCr 11.42 motion, reversed the decision of the Kentucky Court of Appeals, and remanded the case to the trial court for an evidentiary hearing and further consideration in light of Fraser v. Commonwealth, Ky., 59 S.W.3d 448 (2001), and Norton v. Commonwealth, Ky., 63 S.W.3d 175, Ky., (2002). (A 130). Thereafter, in compliance with the Kentucky Supreme Court's direction on remand, the trial court conducted an evidentiary hearing, and on January 17, 2003, the trial court entered an Order

---

[2] All other counts of Sexual Abuse, First Degree were dismissed prior to trial.

3

again denying petitioner's RCr 11.42 motion. (A 131-137). In an unpublished opinion rendered on June 18, 2004, the Kentucky Court of Appeals affirmed the trial court's denial of petitioner's RCr 11.42 motion. See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 2003-CA-000197-MR (unpublished) (A 192-200). On February 9, 2005, the Kentucky Supreme Court denied petitioner's motion for discretionary review of the decision of the Kentucky Court of Appeals affirming the trial court's denial of petitioner's RCr 11.42 motion. (A 225).

Petitioner filed his federal habeas petition on July 11, 2005.

### D.   Petitioner's claims

In the present action, petitioner claims that he received ineffective assistance of counsel in numerous instances: (1) for failing to object to prosecutorial misconduct of bolstering witnesses; (2) failing to object to the prosecutor's badgering of witnesses and misstating the law; (3) failing to object on double jeopardy grounds; (4) failing to object to false testimony; (5) failing to object when the jury observed the victim and her mother during a recess; (6) failing to object to prosecutor's entering the witness room during trial; (7) failing to object to sufficiency of the evidence; (8) failure to request a lesser included offense jury instruction and to object to instructions (and to preserve for appellate review) that deprived him of a unanimous verdict; and (9) failing to object to the instructions given by the trial court concerning First Degree Sexual Abuse. Petitioner also claims that he has been subjected to cruel and unusual punishment, in violation of his Eighth Amendment rights.

In response to the habeas petition, the Respondent submits that petitioner is not entitled to any relief on his habeas petition because his claims either have been procedurally defaulted or are otherwise without merit; therefore, Respondent argues that the habeas petition should be dismissed and/or that he is entitled to summary judgment.

### Applicable law

In considering Petitioner's claims, the court is cognizant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit recognized that by reason of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), issued on April 18, 2000, the standard of review that a federal habeas court must apply under § 2254(d) had been changed and that *Nevers v. Killinger*, 169 F.2d 352 (6th Cir. 1999), had effectively been overruled. Elaborating, the court in *Harris v. Stovall, supra*, explained:

> On April 18, 2000, the Supreme Court issued a decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d). The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 1523, 120 S.Ct. 1495. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522, 120 S.Ct. 1495.
>
> In this case, the district court referred to our holding in *Harpster*, which simply noted the differing interpretations of § 2254(d) developing in our sister circuits, but found that the standard under § 2254(d) had not been met. See *Harpster*, 128 F.3d at 326-27. Subsequently, in *Nevers v. Killinger*, 169 F.3d 352 (6th Cir.), cert. denied, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), we found it appropriate to rely on the Fifth Circuit's "debatable among reasonable jurists" standard in *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir.1996), combined with the First Circuit's standard of "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," set forth in *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998). *See Nevers*, 169 F.3d at 361-62. Later, we reaffirmed this approach in *Maurino v. Johnson*, 210 F.3d 638, 643-44 (6th Cir.2000). However, the Supreme Court in *Williams* found that the Fourth Circuit's test--that a state court's application of federal law was

5

"unreasonable" only if the court had applied federal law in a manner that reasonable jurists would all agree was unreasonable--was erroneously subjective, as the inquiry should be objective. The Court expressly disavowed the Fifth Circuit's "reasonable jurist" standard set forth in *Drinkard*. In light of the Supreme Court's decision in *Williams*, we find that *Nevers* and *Maurino* no longer correctly state the law on the issue of the appropriate standard under 28 U.S.C. § 2254(d). We must therefore rely solely on the Supreme Court's decision in *Williams* for the appropriate standard under § 2254(d).

*Harris v. Stovall, supra,* 212 F.3d at 942-43.

With this standard in mind, it is necessary to review the decision of the Kentucky Court of Appeals on collateral review to determine if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

## Analysis

### A.   Ineffective Assistance of counsel

Petitioner claims that he received ineffective assistance of counsel at trial in that his counsel (1) failed to object to prosecutorial misconduct of bolstering witnesses; (2) failed to object to the prosecutor's badgering of witnesses and misstating the law; (3) failed to object on double jeopardy grounds; (4) failed to object to false testimony; (5) failed to object when the jury observed the victim and her mother during a recess; (6) failed to object to prosecutor's entering the witness room during trial; (7) failed to object to sufficiency of the evidence; (8) failed to request a lesser included offense jury instruction and to object to instructions (and to preserve for appellate review) that deprived him of a unanimous verdict; and (9) failed to object to the instructions given by the trial court concerning First Degree Sexual Abuse.

The test for proving a claim of ineffective assistance of counsel was established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which adopted a two-part test, requiring a movant to show (1) that counsel's performance fell outside the wide range of professionally competent assistance

guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different.

With the exception of claims of ineffective assistance of counsel identified as (5), (8), and (9) above, the Respondent contends that petitioner has procedurally defaulted the remaining claims of ineffective assistance of counsel; therefore, a federal habeas court is not authorized to consider those procedurally defaulted claims.

### Procedural default

A federal constitutional claim that is not presented to state courts at the time and in the manner prescribed by state law is deemed to be procedurally defaulted. A procedurally defaulted claim is reviewable by a federal habeas corpus court only after the habeas petitioner demonstrates cause and actual prejudice to overcome the default or a "miscarriage of justice," i.e., a colorable claim of factual innocence in light of federal constitutional error. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Coleman v. Thompson, 501 U.S. 722, 750 (1991); West v. Seabold, 73 F.3d 81 (6th Cir. 1991); Seymour v. Walker, 224 F.3d 542 (6th Cir. 2000). The United States Supreme Court has explained that the "miscarriage of justice" or "actual innocence" exception to the procedural default requires that the petitioner present "reliable evidence not presented at trial" and that the petitioner demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324-327 (1995); Calderon v. Coleman, 523 U.S. 538, 559-560 (1998); Bousley v. United States, 523 U.S. 614, 623-24 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not more legal insufficiency." Bousley v. United States, supra.

Thus, it is necessary to review the state court record to determine whether petitioner has defaulted any of his claims of ineffective assistance of counsel asserted herein.

i. **claims raised on direct appeal**

7

The only claim petitioner raised on direct appeal concerned his sentence. The Kentucky Supreme Court affirmed but remanded to the trial court for resentencing to confirm that petitioner's 100-year sentence on the First Degree Sexual Abuse convictions was to run concurrently with the two life sentences imposed on the First Degree Sodomy convictions.

### ii. claims raised in RCr 11.42 motion

Petitioner raised the following claims in his initial RCr 11.42 motion:

I. VACATING JUDGMENT IS REQUIRED BECAUSE THE PROSECUTOR DID EXPLOIT THE MOVANT'S LACK OF KNOWLEDGE OF THE LAW WITHOUT ANY OBJECTION BY DEFENSE COUNSEL. THUS COUNSEL WAS GROSSLY INEFFECTIVE IN THIS ASSISTANCE AND ALLOWED MOVANT'S CREDIBILITY TO BE DESTROYED, ROBBING MOVANT OF HIS PRIMARY DEFENSE, AND COUNSEL COMPOUNDED HIS INEFFECTIVENESS IN FAILING TO PRESERVE THE ERROR FOR APPELLATE REVIEW

II. DEFENSE COUNSEL'S FAILURE TO OBJECT TO PREJUDICIAL JURY INSTRUCTIONS WHICH RESULTED IN MOVANT BEING PUNISHED TWO OR MORE TIMES FOR A SINGLE ACT RENDERED HIS ASSISTANCE INEFFECTIVE

III. MOVANT HAS BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION, AND SECTION 17 OF THE KENTUCKY CONSTITUTION BY THE IMPOSITION OF TWO LIFE SENTENCES ON THE SODOMY CHARGES, AND 100 YEARS ON THE SEXUAL ABUSE CHARGES FOR CRIMES WHICH THE EVIDENCE SUPPORTED SEXUAL CONTACT ONLY, THUS MAKING THE PUNISHMENT DISPORORTIONATE [SIC] TO THE CRIMES ALLEGED TO HAVE BEEN COMMITTED

IV. A DEFENDANT CANNOT BE CONVICTED OF ANY CRIME BASED ON THE FALSE TESTIMONY BY ANY WITNESS AGAINST HIM

V. JURY CANNOT CONVICT BASED ON PREJUDICE

VI. TRIAL JUDGE ERRED IN ALLOWING THE EXIT AND ENTRANCE OF A MEMBER OF THE AUDIENCE AFTER ORDERING THIS NOT TO BE ALLOWED

VII. THE LACK OF MEDICAL EVIDENCE AND THE FAILURE OF THE PROSECUTION TO [SIC] THE VICTIMS' SEXUAL ACTIVITIES, DENIED DEFENDANT A FAIR TRIAL

See <u>Memorandum of Law and Facts in Support of Motion to Vacate Judgment Pursuant to RCr 11.42</u> (A 33-55).

In its Opinion and Order entered on October 29, 1998, which denied petitioner's RCr 11.42 motion, the trial court addressed each of the foregoing claims. (A 56-66).

### iii. claims raised in the appeal of the denial of petitioner's RCr 11.42 motion

In appealing the denial of his RCr 11.42 motion to the Kentucky Court of Appeals, petitioner raised the following claims on appeal:

- A. TRIAL COUNSEL ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE AND DENIED HIM A FAIR TRIAL BY FAILING TO OBJECT TO AN IMPROPER LINE OF QUESTIONING BY THE COMMONWEALTH ATTORNEY AND BY FURTHER FAILING TO OBJECT WHEN THE COMMONWEALTH MISSTATED THE LAW

- B. TRIAL COUNSEL'S ABJECT FAILURE IN MAKING TIMELY OBJECTIONS TO EGREGIOUS JURY INSTRUCTIONS RESULTED IN THE APPELLANT BEING CONVICTED MULTIPLE TIMES FOR A SINGULAR OFFENSE IN DIRECT VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHTS

- C. APPELLANT HAS BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN DIRECT VIOLATION OF THE 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 17 OF THE KENTUCKY CONSTITUTION WHEN THE TRIAL COURT IMPOSED CONSECUTIVE LIFE SENTENCES ON THE SODOMY COUNTS AND CONSECUTIVELY RAN THE ONE HUNDRED YEARS FOR THE SEXUAL ABUSE CONVICTION

- D. APPELLANT WAS CONVICTED BASED ON FALSE AND PERJURED TESTIMONY

- E. DURING THE APPELLANT'S TRIAL A JURY MEMBER WAS IMPROPERLY INFLUENCED BY A MEMBER OF THE VICTIM'S FAMILY THEREBY RENDERING THE APPELLANT'S CONVICTION VOID

- F. THE TRIAL COURT ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE AND DENIED HIM A FAIR TRIAL BY ALLOWING A MEMBER AND/OR OBSERVER OF THE APPELLANT'S TRIAL TO LISTEN TO VARIOUS WITNESSES TESTIFY AND THEN TO ENTER THE WITNESS ROOM AND TO RELAY TO THE WITNESSES SITTING THEREIN PORTIONS OF TESTIMONY SHE HAD HEARD THEREBY

    VIOLATING THE APPELLANT'S 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION

See Petitioner's Brief on Appeal (A 68-69).

  The Kentucky Court of Appeals considered each of the foregoing claims and found no merit to any of them. See A 99-108. However, the Kentucky Supreme Court reversed and remanded with instructions that the trial court conduct an evidentiary hearing. Following an evidentiary hearing, the trial court again denied petitioner's RCr 11.42 motion.

### iv.   claims raised in second appeal following the denial of RCr 11.42 motion on remand

#### ISSUE ONE

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 2, 7 AND 11 OF THE KENTUCKY CONSTITUTION; AND WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO REQUEST AN INSTRUCTION ON ATTEMPTED SODOMY.

#### ISSUE TWO

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 2, 7 AND 11 OF THE KENTUCKY CONSTITUTION; AND WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO PRESERVE FOR APPEAL ERRORS IN THE INSTRUCTIONS AND DEFICIENCIES IN THE PROOF AS IT RELATES TO THE FIRST DEGREE SEXUAL ABUSE COUNTS.

#### ISSUE THREE

THE APPELLANT WAS DEPRIVED HIS RIGHT OF CONFRONTATION, CROSS-EXAMINATION, DUE PROCESS, AN IMPARTIAL JURY, AND A FAIR TRIAL UNDER THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTION[S] 1, 2, 3, AND 11 OF THE KENTUCKY CONSTITUTION WHEN THE COMPLAINING WITNESS AND HER MOTHER HAD EXTRAJUDICIAL CONTACT WITH THE FEMALE JURORS.

See Brief for Appellant (A 138-157).

In affirming the trial court's denial of petitioner's RCr 11.42 motion following remand, the Kentucky Court of Appeals addressed each of the issues raised on appeal and found them to be without merit. See A 192-200.

Based on a review of: (1) the claims raised in petitioner's RCr 11.42 motion, (2) the claims raised in petitioner's appeal of the denial of his RCr 11.42 motion, and (3) the claims raised in petitioner's appeal of the second denial of his RCr 11.42 motion following remand from the Kentucky Supreme Court, the Magistrate Judge concludes that petitioner has procedurally defaulted all claims of ineffective assistance of counsel with the exception of claims noted above that respondent identified as claims (5), (8) and (9). Although petitioner raised all claims of ineffective assistance of counsel (claims (1) through (9), inclusive) in his RCr 11.42 motion, as initially filed, and in the appeal of the denial of that motion, after petitioner's RCr 11.42 motion was denied a second time following remand, petitioner did not raise all nine claims of ineffective assistance of counsel in his second appeal of the second denial of his RCr 11.42 motion. The remand of this action to the trial court for an evidentiary hearing essentially began petitioner's claims anew; thus, in order to preserve all claims raised in petitioner's RCr 11.42 motion on appeal, petitioner was obligated to raise those same claims again when appealing the denial of his RCr 11.42 motion following remand. Therefore, petitioner has procedurally defaulted all claims that were not raised in the second appeal of the second denial of his RCr 11.42 motion. Because petitioner did not fairly present all claims in the second appeal, as a matter of state procedural law, those claims have been defaulted. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983); *Wesselman v. Seabold*, 834 F.2d 99 (6th Cir. 1988).

Petitioner has not alleged that there is "cause" why he failed to present all claims of ineffective assistance of counsel to the Kentucky Court of Appeals in the appeal of the second denial of his RCr 11.42 motion. Thus, Petitioner has not shown "cause" for his procedural default. Having found no "cause" for this procedural default, the Magistrate Judge does not address the issue of "actual prejudice." See Wesselman v. Seabold, 834 F.2d 99, 102 (6th Cir. 1987) (if "cause" is

lacking, then the claim is procedurally barred from federal habeas corpus review, and a court need not consider whether "actual prejudice" exists). Additionally, there is nothing in either Petitioner's account of the proceedings in the trial court or the record itself to suggest that Petitioner's case is one of those extraordinary cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent," as discussed in Murray v. Carrier, 477 U.S. 478 (1986).

Consequently, with the exception of petitioner's claims of ineffective assistance of counsel identified by the Respondent as claims (5), (8) and (9), this federal habeas court is barred from considering the petitioner's claims of ineffective assistance of counsel, due to petitioner's procedural default of these claims. Petitioner's non-procedurally defaulted claims of ineffective assistance of counsel are considered below:

**(5)     counsel's failure to object when the jury observed the victim and her mother during a recess**

In considering this claim on appeal, the Kentucky Court of Appeals analyzed this claim as follows:

> We move to the final argument raised by Appellant in his collateral attack on the judgment – was he denied constitutional protection when the victim and her mother had "extrajudicial" or extraneous contact with female jurors? In brief, Appellant presented two (2) witnesses at the evidentiary hearing that both testified that they observed the victim crying and being consoled by her mother in the women's restroom during trial in the presence of jurors. The witnesses further testified, however, that the victim and her mother did not speak to one another or to the jurors. Appellant asserts that this behavior contrasted with the victim's "matter-of-fact" demeanor on the witness stand. Moreover, Appellant was effectively denied his rights of confrontation, cross-examination and due process.
> Appellant contends that he is entitled to a new trial or, at a minimum, a new sentencing phase and cites Turner v. Louisiana, 379 U.S. 466, 472-73, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965) in support of this contention. What occurred in this case is a far departure from what occurred in Turner. In Turner, two (2) key witnesses for the prosecution were two deputy sheriffs that had investigated the murder for which Turner was prosecuted. See id. at 467. During the trial, these same two (2) deputies were in charge of the jury, which was sequestered. See id. at 468. The deputies admitted to having conversations with the jury members in and out of the courthouse, but they maintained that they did not discuss the trial. See id.
> In the end, the United States Supreme Court held that Turner had been denied his right to a fair trial by an impartial jury and reversed Turner's murder conviction. See id. at 474. The Court reasoned as follows:

> We deal here not with a brief encounter, but with a continuous and intimate association throughout a three-day trial – an association which gave these witnesses an opportunity, as [Deputy] Simmons put it, to renew old friendships and make new acquaintances among the members of the jury.

Id. at 473.

> In this case, we deal with a brief encounter during which no words were spoken. Until we build separate restrooms in Jessamine County, such interaction will occur. We believe the trial court was correct in finding that the circumstances did not rise to a constitutional violation.

See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 2003-CA-000197-MR (unpublished), pp. 7-8 (A 198-99).

Having reviewed this record, the Magistrate Judge concludes that the Kentucky Court of Appeals correctly analyzed petitioner's claim that his counsel was ineffective for not objecting when the female members of jury observed the victim and her mother during a recess in the women's restroom. As noted by the trial court, the victim and her mother engaged in no verbal communication either with each other or with any of the female jurors, consistent with the trial court's admonition. Petitioner's case is totally unlike Turner.

Thus, petitioner has not established that the review of this claim of ineffective assistance of counsel by the Kentucky courts resulted in a decision (a) that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (b) that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, the Magistrate Judge concludes that this claim is without merit.

**(8)    counsel's failure to request a lesser included offense jury instruction and to object to instructions that deprived him of a unanimous verdict**

In considering this claim on appeal, the Kentucky Court of Appeals analyzed this claim as follows:

> . . . Appellant argues that his trial counsel's performance was deficient when he failed to request that the lesser-included instruction of attempted sodomy be given to the jury. Citing Bills v. Commonwealth, Ky., 851 S.W.2d 466 (1993), the trial

13

court considered the testimony of the victim at trial and Appellant's absolute denial of any offensive conduct and held that an attempted sodomy instruction was not warranted. We agree.

At trial, the victim testified that Appellant asked her to perform oral sex on him. Further, Appellant put his penis to her mouth and touched her lips, but she kept her mouth closed. In Bills, Bills argued that because the victim stated that "she had kept her mouth closed during the attempted oral sex act, the jury could have found that Bills' penis only touched the victim's mouth[,]" therefore, the jury should have been instructed on attempted first-degree sodomy. Id. at 469. In holding that the trial court correctly determined that there was no evidence submitted to support an instruction on attempted sodomy, the Bills court reasoned as follows:

> An alternative instruction is required only if, considering the totality of the evidence, the jury might reasonably conclude that the defendant was not guilty of the charged offense, but was guilty of the lesser offense. Bills' inability to recall the event provided no evidence at all regarding the claim of entitlement for the lesser included offense of attempted first-degree sodomy. Penetration is not a requirement under the sodomy statute. Therefore, the only possible inference from the victim's testimony is that Bills' penis came into contact with her mouth.

Id. at 469-70 (internal citation omitted).

In spite of the above language, Appellant argues that Bills holding does not resolve the issue in this case because it did not hold that contact of the penis with the outside of the victim's mouth constitutes sodomy per se regardless of the circumstances. By definition, sodomy, which is "deviate sexual intercourse," "means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another[.]" See KRS 510.010(1). Appellant contends that whether the contact constituted an act of sexual gratification was a fact question that should be decided by the jury. Moreover, the facts of the instant case do not indicate that there was an act of sexual gratification, only an attempt. On this point, we conclude that Appellant's arguments are wholly inconsistent with his defense at trial, while the jury instructions were wholly consistent with the law and the evidence. There was no ineffective assistance on this issue.

See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 2003-CA-000197-MR (unpublished), pp. 4-5 (A 195-96).

Having reviewed this record, the Magistrate Judge concludes that the Kentucky Court of Appeals correctly analyzed this claim of ineffective assistance. Due to petitioner's complete denial of any criminal conduct as to sodomy or attempted sodomy, the Kentucky Court of Appeals correctly discerned that he was not entitled to a lesser included offense jury instruction. For this reason, Bills, the case on which petitioner relies, is not dispositive or controlling.

Thus, petitioner has not established that the review of this claim of ineffective assistance of counsel by the Kentucky courts resulted in a decision (a) that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (b) that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, the Magistrate Judge concludes that this claim is without merit.

### (9) counsel's failure to object to the instructions given by the trial court concerning First Degree Sexual Abuse

In considering this claim on appeal, the Kentucky Court of Appeals analyzed this claim, as follows:

> Appellant's second allegation of ineffective assistance of counsel is that his trial counsel failed to preserve for appeal errors in the instructions and deficiencies in the proof as they relate to the first degree sexual abuse counts. Specifically, Appellant contends that the jury convicted him based on instructions that were not specific as to times, dates or acts and on testimony that did not provide a distinctive factual basis for each charge.
> In his brief, Appellant acknowledges that the victim testified at trial as to several distinctive instances of abuse that would qualify as first-degree sexual abuse; but, Appellant goes on to say that the victim did not describe anywhere near 20 such instances. Having reviewed the victim's testimony in this case, we must disagree. To the contrary, she described a specific pattern of behavior engaged in by Appellant almost every day. Moreover, she described the event triggering Appellant's abusive conduct, which was almost seven months prior to her twelfth birthday. To expect this victim, who was less than 12 years old at the time, to remember specific dates is "wholly unreasonable." Garrett v. Commonwealth, Ky., 48 S.W.3d 6, 9 (2001) (quoting Farler v. Commonwealth, Ky.App., 880 S.W.2d 882, 886 (1994)). In short, the victim's testimony supported the instructions on the twenty separate counts of first-degree sexual abuse. The compounded problems with the proof and instructions present in Miller v. Commonwealth, Ky., 77 S.W.3d 566 (2002), the Kentucky case cited by Appellant in support of his arguments, simply were not present in ths case. Finally, there was no denial of due process. See Haight, 41 S.W.3d at 443.

See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 2003-CA-000197-MR (unpublished), pp. 4-5 (A 195-96).

Having reviewed this record, the Magistrate Judge concludes that the Kentucky Court of Appeals correctly analyzed this claim of ineffective assistance. Due to the fact that the victim was under 12 years of age at the time of the alleged offenses, it is unreasonable to expect one of that age to remember the specific dates on which each offense occurred. The Magistrate Judge concurs with

the Kentucky Court of Appeals that the victim's testimony supported the jury instructions on the twenty (20) separate counts of first-degree sexual abuse.

Thus, petitioner has not established that the review of this claim of ineffective assistance of counsel by the Kentucky courts resulted in a decision (a) that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (b) that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, the Magistrate Judge concludes that this claim is without merit.

**B.    Cruel and unusual punishment**

On page 5 of his habeas petition, petitioner states that in addition to his claims of ineffective assistance of counsel, he is also raising as a ground for relief, "Cruel and Unusual Punishment in Violation of 8th Amend[ment] to U.S. Constitution." (Habeas petition, p. 5). However, petitioner offers nothing other than this one sentence statement in support of this claim, and his habeas petition centers around his claims of ineffective assistance of counsel.

This claim appears to have been raised in the first appeal of the denial of his RCr 11.42 motion. In considering that claim, the Kentucky Court of Appeals reviewed petitioner's claim "that subjecting him to life-sentences for his sodomy convictions was cruel and unusual punishment." (A 104). In assessing this claim, the Kentucky Court of Appeals determined that:

> . . . Given the number of offenses and the gravity of the offenses, the sentence assessed against Adkins does not amount to cruel and unusual punishment. See Land v. Commonwealth, supra. (Sentence of life without possibility of parole for rape does not amount to cruel and unusual punishment).

See Larry Adkins v. Commonwealth of Kentucky, Slip Opinion No. 1998-CA-003019-MR (unpublished), p. 7 (A 105).

Having reviewed this record, the Magistrate Judge concludes that the Kentucky Court of Appeals correctly analyzed this claim. Petitioner's one-line allegation in his habeas petition is insufficient to establish that the review of this claim by the Kentucky courts resulted in a decision (a) that was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States, or (b) that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, the Magistrate Judge concludes that this claim is without merit.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that Petitioner's habeas corpus petition should be denied.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to dismiss, or alternatively, for summary judgment [DE #6] be **GRANTED**, that Petitioner's habeas petition be **DENIED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 16th day of February, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE