```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | | |
|---|---|---|
| LARRY ADKINS, | ) | |
| Petitioner, | ) | Civil Action No. 05-289-JMH |
| v. | ) | |
| JOHN MOTLEY, Warden, | ) | **ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the report and recommendation of Magistrate Judge James B. Todd [Record No. 9]. Said action was referred to the Magistrate Judge for the purpose of reviewing the merits of Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent's motion to dismiss or, alternatively for summary judgment [Record No. 6]. Petitioner has filed timely objections to the report and recommendation, and the matter is now ripe for decision.

## BACKGROUND

In 1995, Petitioner was convicted of two counts of sodomy in the first degree and twenty counts of sexual abuse in the first degree following a jury trial in Jessamine Circuit Court. In 1998, Petitioner filed a Rule 11.42 petition to set aside his sentence in state court, which the trial court denied. The Kentucky Court of Appeals affirmed the denial, but the Kentucky Supreme Court reversed and remanded the case for an evidentiary hearing.

Following that hearing, the trial court again denied the petition, and the Court of Appeals again affirmed.  The Kentucky Supreme Court denied discretionary review.

At the time Petitioner filed this petition for habeas corpus, he was incarcerated at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky.  Most of Petitioner's claims are based on ineffective assistance of counsel, on the following nine grounds: (1) failure to object to the prosecution's bolstering of witnesses; (2) failure to object to the prosecution's badgering of witnesses and misstating child custody law; (3) failure to object on double jeopardy grounds; (4) failure to object to false testimony by a detective; (5) failure to object when the jury observed the victim and her mother during a recess; (6) failure to object to the prosecution entering and leaving the courtroom, and entering the witness room; (7) failure to challenge the lack of medical evidence, and the lack of evidence about the victim's prior sexual conduct; (8) failure to request a lesser-included offense jury instruction; and (9) failure to object to the jury instructions on first degree sexual abuse.  The petition also listed "cruel and unusual punishment in violation of 8th Amend[ment] to U.S. Constitution" as a separate ground, but provided no further explanation for the basis of this claim.

**STANDARD OF REVIEW**

The standard of review for habeas petitions, set forth in

28 U.S.C. § 2254(d), provides that a petition shall not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A petition may also be granted if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* This Court reviews the Magistrate Judge's report and recommendation *de novo*. *See* Fed. R. Civ. P. 72(b).

### DISCUSSION

The Magistrate Judge recommends that the Court grant the respondent's motion to dismiss or, alternatively, for summary judgment because six of the ineffective assistance of counsel claims have been procedurally defaulted, and because the state court decision on the remaining three claims did not involve an unreasonable application of federal law and did not involve an unreasonable determination of the facts. Petitioner has raised no objection to the Magistrate Judge's determinations on the three non-defaulted claims.[1] Nor has Petitioner objected to the Magistrate Judge's finding that the one-sentence allegation of an unspecified Eight Amendment violation was an insufficient ground

---

[1] These three claims are failure to object when the jury observed the victim and her mother during a recess, failure to request a lesser-included offense jury instruction, and failure to object to the jury instructions on first degree sexual abuse.

for relief. After carefully considering these claims, the Court finds the report and recommendation well-reasoned, and the Court adopts the reasoning set forth in the report and recommendation as its own.

Petitioner does, however, challenge the Magistrate Judge's determination that six of his claims were procedurally defaulted. Petitioner did raise these issues in his initial Rule 11.42 petition, which was denied at the trial and appellate level before being reversed and remanded by the Kentucky Supreme Court. The reversal was based on two recent opinions from that court clarifying the standards for appointment of counsel and the holding of evidentiary hearings on Rule 11.42 petitions. On remand, Petitioner, with the benefit of counsel, raised only the three issues considered by the Magistrate Judge. On appeal, Petitioner, still represented by counsel, again chose to raise only the same three issues. The Magistrate Judge found that the failure to raise the issues in the trial and appellate courts following remand constituted a procedural default.

"If a habeas petitioner fails to raise an issue in state court, the claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Petitioner can only avoid this bar if he shows cause and prejudice. *See id.* The Magistrate Judge found,

4

and this Court agrees, that Petitioner has failed to even allege, let alone demonstrate, any cause why he failed to raise these issues.[2] As cause has not been shown, there is no need for the Court to even consider prejudice. *See Wesselman v. Seabold*, 834 F.2d 99, 102 (6th Cir. 1987). Therefore, the Court adopts the report and recommendation of the Magistrate Judge on the six defaulted claims as well.

Accordingly, **IT IS ORDERED**:

(1) That the report and recommendation of Magistrate Judge Todd [Record No. 13] be, and the same hereby is, **ACCEPTED.**

(2) That Respondent's motion to dismiss, or alternatively, for summary judgment [Record No. 6] be, and the same hereby is, **GRANTED.**

(3) That Petitioner's petition for a writ of habeas corpus [Record No. 1] be, and the same hereby is, **DISMISSED WITH PREJUDICE.**

(4) That this action be, and the same hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

This is the 10th day of March, 2006.

---

[2] The obvious conclusion to be drawn from the record is that Petitioner, once counsel had been appointed, for tactical reasons withdrew the weaker claims that he had earlier raised *pro se*.



Signed By:
*Joseph M. Hood*
United States District Judge

6